**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | **CRIM. NO. 02-266(SEC)** |
| v. | |
| **[4] VICTOR F. CASTRO,** | |
| Defendant. | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION REQUESTING THE
ISSUANCE OF A WRIT OF CORAM NOBIS**

TO THE HONORABLE COURT:

COMES NOW, the United States of America through the undersigned attorney and very respectfully states and prays as follows:

**BACKGROUND**

In 2002, defendant pled guilty to conspiracy to commit insurance fraud, aiding and abetting to commit insurance fraud and aiding and abetting to commit mail fraud and was sentenced to three (3) years' probation.   As part of the plea agreement, defendant stipulated a loss amount in excess of $10,000.00.   Defendant served his sentence, during which time he never questioned its validity.

Defendant is a Dominican citizen with lawful permanent residence in the United States since November 20, 1995.   His "green card" was to expire on June 24, 2013.   However, before the expiration of his card, in June 2011, defendant went to an immigration attorney seeking naturalization on account of his mother and children were United States citizens.   It is there that defendant finds out that he is a deportable alien for having been convicted of an aggravated felony when he pled guilty to a loss exceeding $10,000.00.

More than eleven years after his conviction, defendant filed the present Motion Requesting the Issuance of Writ of *Coram Nobis* in the Federal District Court in which he had been convicted. He is requesting that this Court vacate the judgment of conviction, enter a new judgment reducing the amount of loss to less than $10,000.00, or in the alternative, that this Court order a new trial. He seeks such relief because he argues that at the time he signed the plea agreement, he was under the impression, based on his counsel's legal advice, that his immigration status would not be affected. He claims that had he known that he would be deported for life from the United States and that he would lose his permanent resident status, he would have further negotiated the plea agreement by stipulating a loss amount of less than $10,000.00. As a result, the defendant is seeking the present relief. This Honorable Court has ordered the United States to respond to defendant's request. In compliance, the United States respectfully submits this response to defendant's motion.

## MEMORANDUM OF LAW

The writ of error *coram nobis* traces its roots to the sixteenth century English common law. George at 253. Its original intent was to promote respect for the judicial process by enabling a court to correct technical errors in a final judgment previously rendered. Id. *citing* United States v. Denedo, 556 U.S. 904 (2009). In federal criminal cases now, the writ is available as a remedy of ***last resort*** for the correction of fundamental errors of fact or law. Id. *citing* Treckler v. United States, 536 F.3d 85, 93 (1st Cir. 2008). The power to grant such relief arises out of the All Writs Act, 28 U.S.C. Sec. 1651(a), which "empowers federal courts to 'issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'" Id. Such powers are attached in informed ***judicial discretion.*** Id. The ***extraordinary nature*** of the writ advises that this power should be used with caution. Id.

Under a request for issuance of a writ of *coram nobis*, "a petitioner must explain his failure to seek earlier relief from judgment, show that he continues to suffer significant collateral consequences from the judgment, and demonstrate that the judgment resulted from an error of the most fundamental character."   George at 254.   A court taking under consideration a writ of *coram nobis* must judge it on its own merits, ultimately residing in the court's sound discretion. Id. at 255.   "The bottom line is that a writ of error *coram nobis* should issue 'only under circumstances compelling such action to ***achieve justice***.'"   Id.   United States v. Morgan, 346 U.S. 502, 511 (1954).   It is up to petitioner to persuade the court that "the ends of justice will be served by granting such extraordinary relief."   Id.

## DISCUSSION

Defendant requests relief under error *coram nobis* seeking that this Court vacate the judgment of conviction, enter a new judgment reducing the amount of loss to less than $10,000.00, or in the alternative, that this Court order a new trial.   The United States respectfully opposes such request.

I.    Has Defendant Properly Explained His Failure to Seek Earlier Relief From Judgment?

Yes.   We will assume that that defendant's assertions about his counsel's failure to advise him of the legal consequence to his immigration status by pleading guilty were timely and could not have been reasonably been made before he brought this motion.   Murray v. United States, 704 F.3d 23, 31 (1st Cir. 2013).[1]   Attorney Frank Inserni-Milan, as a veteran officer of this Court, has represented in writing that he failed to advise defendant that he could lose his legal

---

[1] Given that defendant is not in custody, we will also assume that his motion is not an attempt to evade the restrictions on federal post-conviction relief under 28 U.S.C. 2255.   Murray at 31. "[T]he writ of error *coram nobis*, in its modern form, is ordinarily available only to a criminal defendant who is no longer in custody."   Trenkler v. United States, 536 F.3d 86, 98 (1st Cir. 2008).

permanent residence when he stipulated to a loss amount exceeding $10,000.00.[2]  It is not until 2011 that defendant discovers, thorough an immigration attorney, when seeking naturalization that such penalty attached to his guilty plea.  Since 2011 defendant, through his criminal defense attorney and through his immigration attorneys, has attempted to resolve this issue to no avail. Now, eleven (11) years after his conviction he seeks the Court's help having believed to have exhausted his remedies.   Defendant did not have a way of seeking relief earlier because he did not know the complete consequences of his guilty plea.

II.     Does Defendant Continue to Suffer Significant Collateral Consequences from the Judgment?

Yes.  Even after having served his punishment, his conviction carries continuing penalties.  Morgan at 512-13.  Denial of the right to vote, or the subsequent imposition of a sentence heavier than would otherwise have been appropriate, the loss of license to practice law, the right to bear arms, and denial of a pension all represent a collateral legal disadvantage that survives the satisfaction of a sentence.  United States v. Osser, 864 F.2d 1056, 1059 (3rd Cir. 1988).  Deportation is no different.  Deportation is a particularly severe "penalty."  Fong Yue Ting v. United States, 149 U.S. 698, 740 (1893).   The severity of deportation has been said to be the equivalent of banishment or exile.  Delgadillo v. Carmichael, 332 U.S. 388, 390-391 (1947). Therefore, defendant continues to suffer collateral consequences from his judgment of conviction.

III.     Did the Judgment Result from an Error of the Most Fundamental Character?

---

2 While it is not until 2010 that the United States Supreme Court held that failure to advise a non-citizen defendant of the consequences on his immigration status makes the attorney constitutionally deficient, it should be noted that for at least the past 15 years, professional norms have generally imposed an obligation on counsel to provide advice on the deportation consequences of a client's plea. Padilla v. Kentucky, 559 U.S. 356, 373-374 (2010).   However, we do not have the benefit of the transcripts to support or contradict attorney Attorney Inserni-Milan's representations.   We serve justice by taking defendant's counselor's representations as true.

No. "When a defendant seeks to vacate a guilty-plea by way of *coram nobis*, great caution is warranted." <u>George</u> at 257.   "The interest of finality, always important in criminal cases, is of heightened concern when a conviction arises from a guilty plea."   <u>Id</u>.   Those who have pled guilty are subject to higher standards for issuance of *coram nobis*.   <u>Id</u>.   Here, there is no dispute that defendant pled guilty.   That by pleading guilty "undeniable advantages, such as limiting exposure to punishment, flowed from his decision."   <u>George</u> at 256.   By pleading guilty relevant to the *coram nobis* inquiry includes "the abandonment of claims he could have raised on appeal and implication of the interests of finality." <u>Id</u>. at 256-257.   Furthermore, the difficulty the United States would face were it required to go forward with a new trial cannot be ignored.   Parts of the records are missing, transcripts unavailable, witnesses most likely unavailable, and the lapse of eleven (11) years cannot but provide great difficulty.   <u>Osser</u> at 1062.   Therefore, a fundamental error cannot be said to have occurred.

IV.     <u>Will Ends of Justice Be Served By Granting Such Extraordinary Relief?</u>

*"Time is a dressmaker specializing in alterations."*[3]   Before the Court is, by all appearances, a man who through time has changed his criminal ways.   He did the time required for him to pay back to society the wrongs he did.   Before doing the time, he paid back society by cooperating with the government in seeking further justice for the victims in this case.   He paid financial restitutions as well as moral restitutions.   He's worked diligently, legally earning monies that once he obtained by other means.   He's paid his taxes and child support as required by law and by all moral compasses.   Makes sure to pay his debts timely.   He's fathered three children, all American citizens; one having been born after he completed his punishment.   When he goes into attempting to complete, what we all call the American Dream, he is told that he cannot

---

3   ~Faith Baldwin.

become naturalized, but that instead, he must abandon the country he has known as home and the children that depend on him.

He who does not allege he is innocent, nor he submits any facts from which his innocence can be inferred.   On the contrary, he continues to take responsibility for his ***past*** criminal conduct.   While he claims that he should not be held responsible for such a large amount of loss when others shared responsibility in it, he nevertheless expresses his guilt and continues to apologize for this past conduct.

He now returns to this Court pleading for justice given his attorney's failure to carry out his ***constitutional*** duty to properly advise him regarding the risk of deportation or removal arising from his conviction.   <u>Padilla v. Kentucky</u>, 559 U.S. 356 (2010).   He knows that his request cannot be made under <u>Padilla v. Kentucky</u> because it cannot be applied retroactively, but he seeks help from the Court's last resort to use its discretion under a *coram nobis* petition.

The Supreme Court has defined the term "miscarriage of justice" as encompassing only those 'extraordinary instances when a ***constitutional violation*** probably has caused the conviction of one innocent of a crime.'" <u>McCleskey v. Zant</u>, 499 U.S. 467, 494 (1991).   Seemingly ends of justice would be served by granting such an extraordinary relief as is the *coram nobis*.   While the purported conduct of his counselor did not meet ***constitutional*** standards causing, not a conviction of an innocent of a crime, but potentially causing the banishment or exile which are particularly severe penalties, the issuance of the requested writ is unwarranted.

**WHEREFORE**, and in view of the foregoing, the United States of America respectfully prays that the District Court DENY defendant's motion.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 23rd day of October, 2013.

ROSA EMILIA RODRIGUEZ VELEZ
UNITED STATES ATTORNEY

/s/Dina Avila-Jiménez – USDC 224202
Dina Avila-Jimenez
Assistant U.S. Attorney
Torre Chardon, Room 1201
350 Carlos Chardon Avenue
San Juan, PR 00918
Tel. (787) 766-5656

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 23, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Dina Avila-Jiménez
Dina Avila-Jiménez - USDC 224202
Assistant United States Attorney